IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLENE KANE, | ) | CASE NUMBER 1:06CV00673 |
| | ) | |
| Plaintiff, | ) | JUDGE: Rosemary M. Collyer |
| vs. | ) | |
| | ) | DECK TYPE: Employment Discrimination |
| BRISTOL PROPERTIES, INC., | ) | DATE STAMP: 04/13/2006 |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

For its Answer to Plaintiff's Complaint, Defendant Bristol Properties, Inc. states as follows:

### JURISDICTION

1. Defendant admits Plaintiff alleges the Superior Court of the District of Columbia has jurisdiction and venue over Plaintiff's claims, but denies engaging in any conduct with respect to Plaintiff giving rise to such jurisdiction and venue. Defendant denies each and every remaining allegation in paragraph 1.

2. Defendant admits Plaintiff alleges Defendant discriminated against Plaintiff in violation of the D.C. Human Rights Act, but denies engaging in any such discrimination and/or any actions giving rise to Plaintiff's claims. Defendant denies each and every remaining allegation in paragraph 2.

### THE PARTIES

3. Admitted, upon information and belief.

4. Defendant admits it is a corporation and that it formerly employed Plaintiff in the District of Columbia. Defendant denies each and every remaining allegation in paragraph 4.

## FACTS

5. Admitted.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore denies the same.

7. Denied.

8. Denied.

9. Denied.

10. Defendant admits that the reason noted for Plaintiff's separation of employment on her District of Columbia separation notice was, "[D]isagreement over management decision of supervisor." Defendant denies each and every remaining allegation in paragraph 10.

11. Denied.

12. Denied.

## COUNT I

13. Defendant incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 12.

14. Denied.

15. Defendant admits Plaintiff demands a trial by jury, but denies engaging in any actions giving rise to Plaintiff's claims. Defendant denies each and every remaining allegation in paragraph 15.

Defendant denies Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph of Count I of Plaintiff's Complaint.

## ANSWER TO ALL ALLEGATIONS

Defendant denies any and all allegations not specifically admitted in this Answer.

## DEFENSES

1. Plaintiff's Complaint fails in whole or in part to state a claim upon which relief can be granted against Defendant.

2. Plaintiff has failed to establish and cannot establish a prima facie case of race discrimination and/or retaliation.

3. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

4. Upon information and belief, Plaintiff has failed to mitigate her claimed damages, the existence of which damages Defendant specifically denies.

5. To the extent Plaintiff recovers any damages based on her claims, the existence of which damages Defendant specifically denies, Defendant is entitled to a set-off or credit for amounts Plaintiff earned or could have earned if she had mitigated her claimed damages.

6. Plaintiff is not entitled to recover any punitive damages, the existence of which damages Defendant specifically denies, because Plaintiff has not set forth and cannot set forth facts sufficient to support a claim under any state law for such damages, because Defendant adopted policies and practices in support of its non-discrimination obligations and in good faith attempted to comply with those obligations, and because any employee(s) of Defendant who engaged in conduct with respect to Plaintiff as alleged in her Complaint, which Defendant specifically denies, lacked sufficient authority to subject Defendant to punitive damages.

7. Plaintiff's prayer for punitive damages violates the 8th and 14th Amendments to the United States Constitution.

8. Defendant's actions with respect to Plaintiff were non-discriminatory and non-retaliatory, were based on legitimate reasons, and were carried out in the good faith exercise of Defendant's reasonable business judgment.

9. Plaintiff's claims are barred in whole or in part because Defendant took prompt, effective, remedial action to end all objectionable conduct when it became aware of such objectionable conduct, the awareness and existence of which conduct Defendant specifically denies.

10. Defendant is not liable for any alleged discrimination and/or retaliation because Defendant had measures in place to prevent and/or to correct discrimination and/or retaliation, and Plaintiff unreasonably failed to use those measures.

11. Any injury to Plaintiff, the existence of which Defendant specifically denies, was caused by Plaintiff and/or by third parties over whom Defendant had no control or who were acting outside the course and scope of their employment with Defendant, not by Defendant.

12. Considering the totality of the circumstances, the acts of which Plaintiff complains, the existence of which acts Defendant specifically denies, were not sufficiently severe and pervasive to alter the terms or conditions of Plaintiff's employment, would not have offended a reasonable person in Plaintiff's position, and did not offend Plaintiff.

13. Any alleged harm Plaintiff suffered, the existence of which harm Defendant specifically denies, was not reasonably foreseeable.

14. Any injuries or emotional distress suffered by Plaintiff were caused by her own acts and/or by the acts of third parties and not by the acts of Defendant, the existence of which injuries and/or emotional distress Defendant specifically denies.

15. This Court lacks subject matter jurisdiction to the extent Plaintiff's claims are barred in whole or in part by the District of Columbia Workers' Compensation Act, which places original and exclusive jurisdiction over such claims or disputes in District of Columbia Office of Workers' Compensation.

16. Defendant is presently without knowledge and information sufficient to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant therefore reserves the right to assert additional defenses, including affirmative defenses, if appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests this Court dismiss Plaintiff's Complaint in its entirety and award Defendant its costs, its attorneys' fees, and any additional relief this Court deems just and proper.

Respectfully submitted,

*/s/ William F. Demarest*

William F. Demarest, Jr.    D.C. Bar No. 266312
Kyle J. Gilster    D.C. Bar No. 483873
Blackwell Sanders Peper Martin LLP
750 17 Street, N.W.   Suite 1000
Washington, D.C.  20006
Telephone: (202) 378-2300
Facsimile:  (202) 378-2319
wdemarest@blackwellsanders.com
kgilster@blackwellsanders.com

and

Paul F. Pautler, Jr.        MO Bar No. 38057
Megan M. Belcher        MO Bar No. 53153
Blackwell Sanders Peper Martin LLP
4801 Main Street, Suite 1000
Kansas City, MO  64121-6777
Telephone:  (816) 983-8000
Facsimile:   (816) 983-8080
ppautler@blackwellsanders.com
mbelcher@blackwellsanders.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing was forwarded this 13th day of April, 2006, via United States Mail, first class, postage prepaid to:

Alan Lescht
Alan Lescht & Associates, P.C.
1050 17th Street, N.W. Suite 220
Washington, D.C. 20036
(202) 463-6036

**ATTORNEYS FOR PLAINTIFF**

_____
**ATTORNEY FOR DEFENDANT**