# **EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLENE KANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:06-cv-00673-RMC |
| | ) | |
| BRISTOL PROPERTIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PROTECTIVE ORDER

The parties have moved for entry of a protective order, whereby, Defendant Bristol Properties, Inc. (hereinafter "Defendant") would agree that counsel for Plaintiff Charlene Kane will be given access to certain confidential employee records, business records, and other confidential information in the possession, custody, or control of Defendant, and counsel for Plaintiff is to hold such documents and information in confidence, using such information and documents only in connection with the prosecution of this pending litigation.

Specifically, the confidential documents and/or information may contain financial information about Defendant's business enterprises, in addition to information about past and present employees, which could include personal information about disciplinary actions, job status, salary information, and confidential communications between the employees and the employer. These documents may include, but are not specifically limited to, documents containing the following types of confidential information:

1.   Documents regarding Defendant's employment practices, including but not limited to documents and summaries regarding Defendant's employment policies and procedures.

KC-1442641-1

2. Management and organizational structure information regarding Defendant.

3. Confidential financial information regarding Defendant.

4. Confidential information regarding Defendant's business activities, business structure, and clients.

5. Similarly, the information sought by Plaintiff and potentially produced in discovery may also include personal and highly confidential information about past or present employees of Defendant, including but not necessarily limited to personnel, payroll, benefit, and other similar files regarding a number of current and former employees of Defendant.

Similarly, Plaintiff would agree that if counsel for Defendant is given access to certain confidential records and employment information, then counsel for Defendant is to hold such documents and information in confidence, using such information and documents only in connection with the prosecution of this pending litigation. These documents may include, but are not specifically limited to, the documents containing the following types of confidential information:

1. documents pertaining to Plaintiff's prior employment as well as prospective employment with any individual and/or organization; and

2. documents regarding Plaintiff's medical history, medical treatment, and/or other medical information.

Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosure and use of information and documents for good cause. Good cause exists for the issuance of a Protective Order here because a majority of persons associated with this matter move in a relatively small business community and, if the confidential information described herein was known in the general community, that knowledge could lead to

KC-1442641-1

embarrassment, humiliation, loss of status and reputation, and could potentially impact upon certain persons' personal, work, and business relationships.

Hence, the Court finds that if the parties are given the above-described information and/or documentation, their ability to prosecute this action and/or defend this action would not be unreasonably limited by entry of this Protective Order.

**IT IS HEREBY ORDERED THAT:**

1. The Court finds that the release of this information and/or documentation to parties outside this litigation could inhibit Defendant's relationships with its current and/or former employees and as such information and/or documentation contains information regarding employees who have a reasonable expectation of privacy which should be respected. Furthermore, the Court finds that the above-described information and/or documentation sought by Defendant and/or Plaintiff is considered personal, sensitive, and highly confidential by the party requested to produce such information.

2. Confidential treatment as provided below may be claimed by either party for documents and information and any portion or summary thereof produced by that party to the other party falling into the categories listed above during pretrial discovery in this lawsuit.

The party claiming a document or information is confidential shall mark "CONFIDENTIAL" on the face of any document the party believes should be treated as confidential pursuant to this Order. If a party designates any documents as confidential which the opposing party believes should not be treated as confidential, the opposing party shall so notify the party making the "confidential" designation in writing. Within ten (10) days of service of such notification, the party claiming confidentiality shall file a motion seeking the Court's ruling as to the status of the documents at issue or else the classification of confidentiality for

KC-1442641-1

said documents shall be deemed automatically withdrawn.  The documents at issue shall be treated as confidential until the end of the tenth (10th) day after service of notification or, if a motion is filed, until otherwise ordered by the Court.

3. In the event that a party's counsel should desire to copy all or any portion of any documents being produced in response to a request for production, which have been designated by counsel as confidential, and marked "CONFIDENTIAL" on the face of the document, then said document shall be disclosed only to the parties and counsel of record and their clerical personnel; provided that any confidential documents and information may also be disclosed to other persons whose assistance is, in counsel's sole and exclusive opinion, necessary in conducting this litigation, upon the signing, prior to such disclosure, of a statement in the form attached hereto as Exhibit I by the person or persons to whom they are to be disclosed.  Counsel shall also provide a copy of this Order to the person or persons to whom confidential information is disclosed.  Counsel shall not otherwise offer or permit disclosure of any confidential document, its contents, or any portion or summary thereof, except in accordance with paragraphs (4) and (5) herein.

4. Persons having knowledge of confidential documents and information by virtue of their participation in this litigation shall use them for the sole purpose of pursuing this litigation and shall not disclose such confidential documents, their contents, or any portion or summary thereof to any person or persons not involved in the conduct of the litigation.

5. Counsel shall not unnecessarily disclose information contained in confidential documents on the public record of this proceeding or in written arguments or memoranda submitted to the Court.  Counsel shall have the right to use any information contained in confidential documents, and/or any confidential documents, to support or oppose dispositive

KC-1442641-1

motions and during the actual trial of this cause of action, as said counsel deems necessary. By signing this agreement, however, the parties do not waive any right to object at trial to the admissibility of any document or portion thereof, or the right to file a motion in limine regarding the use at trial of any document or portion thereof.

      6.      Within ninety (90) days of final adjudication, including but not limited to final adjudication of any appeals or petitions for extraordinary writs, all copies of confidential documents in the actual or constructive custody of a party shall be returned to the producing party and counsel shall certify that all such documents and copies have been so returned. If counsel had amended any copies of confidential documents from the other party, so that those documents contain work product of counsel, counsel shall certify within ninety (90) days of final adjudication that all such copies containing work product have been destroyed.

Date: _____    _____
                                                                                 United States Judge

Agreed to in form and substance:

/s/ Paul F. Pautler, Jr.
Paul F. Pautler, Jr.   MO Bar No. 38057
Megan M. Belcher   MO Bar No. 53153
Blackwell Sanders Peper Martin LLP
4801 Main Street, Suite 1000
Kansas City, MO  64121-6777
Telephone:  (816) 983-8000
Facsimile:  (816) 983-8080
ppautler@blackwellsanders.com
mbelcher@blackwellsanders.com

and

William F. Demarest, Jr.  D.C. Bar No. 266312
Blackwell Sanders Peper Martin LLP
750 17 Street, NW
Suite 1000
Washington, D.C. 20006
Telephone: (202) 378-2303
Facsimile:  (202) 378-2319

**ATTORNEYS FOR DEFENDANT**

/s/ Susan L. Kruger
Alan Lescht
Susan L. Kruger
Alan Lescht & Associates, P.C.
1050 17th Street, N.W. Suite 220
Washington, D.C. 20036
(202) 463-6036

**ATTORNEY FOR PLAINTIFF**

KC-1442641-1

**EXHIBIT I**

KC-1442641-1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLENE KANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:06-cv-00673-RMC |
| | ) |
| BRISTOL PROPERTIES, INC., | ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT OF

_____

**STATE OF**           )
                       ) ss.
**COUNTY OF**          )

    (1)    My name is _____.

I live at _____.  I am employed as

_____ by _____.

    (2)    I am aware that a Protective Order has been entered in the United States District Court for the District of Kansas, and I have received a copy thereof.

    (3)    I promise and agree I will use the documents and information given confidential treatment under the Protective Order <u>only</u> in connection with assisting counsel in preparing for litigation of the above-captioned matter.

    (4)    I promise and agree I will not disclose or discuss such confidential documents or information, except as necessary in the preparation of this matter for trial or for Court approved Alternative Dispute Resolution proceedings.

KC-1442641-1

(5) I understand any use of information obtained by me from material stamped "CONFIDENTIAL" or any portions or summaries thereof, in any manner contrary to any provision of the Protective Order, will subject me to all available legal remedies.

Subscribed and sworn to before me this ____ day of _____, 2006.

_____
Notary Public

My Commission Expires:

KC-1442641-1